# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| ELMER KEITH TAYLOR, | |
| Plaintiff, | No. C06-0001-LRR |
| vs. | |
| BILL BRACKER, | INITIAL REVIEW ORDER |
| Defendant. | |

This matter is before the court on the plaintiff's complaint pursuant to 42 U.S.C. § 1983. The plaintiff submitted such complaint on January 3, 2006. Along with his complaint, the plaintiff submitted an application to proceed in forma pauperis that is related to another case and an updated certificate of inmate account form.

Based on the application with certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $5.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling.

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this 42 U.S.C. § 1983 action, the plain language of the complaint demonstrates the plaintiff is challenging the validity of his confinement or the validity of the criminal proceedings commenced against him. It is clear that the plaintiff is dissatisfied with the representation he received during and/or the outcome of his federal criminal case, that is, *United States v. Taylor*, No. CR02-3042-MWB (N.D. Iowa 2004). In the relief portion of his complaint, the plaintiff asks for $20,000,000 in punitive damages because his attorney allowed him to enter into a plea agreement that classified him as a career offender. The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action; the plaintiff is unable to indirectly challenge his confinement by commencing a 42 U.S.C. § 1983 action. Moreover, when seeking damages for unlawful confinement, a 42 U.S.C. § 1983 cause of action does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). Thus, the plaintiff's claim under 42 U.S.C. § 1983 shall be dismissed. *Se*e 28 U.S.C. § 1915(e)(2).

The court declines to construe or recharacterize the plaintiff's complaint as a motion under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, ___, 124 S. Ct. 786, 792, 157 L. Ed. 2d 778 (2003) (concluding a court may recharacterize a pro se litigant's pleading but before doing so the court "must notify the pro se litigant that it intends to

recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [28 U.S.C.] § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provided the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [28 U.S.C.] § 2255 claims he believes he has"). If dissatisfied with his conviction and/or sentence, the plaintiff must file a motion under 28 U.S.C. § 2255 in his underlying criminal case.[1]

For the foregoing reasons, the plaintiff's action shall be dismissed.

**IT IS THEREFORE ORDERED**:
1) The plaintiff's application to proceed in forma pauperis status is granted.
2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.
3) The plaintiff is directed to submit $5.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid.
4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.
5) The plaintiff's complaint is dismissed.
**DATED** this 19th day of January, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes the plaintiff submitted a 28 U.S.C. § 2255 motion on July 25, 2005. *See United States v. Taylor*, No. CR02-3042-MWB (N.D. Iowa 2004). In such motion, the plaintiff essentially asserted the same claims that he asserts in the instant action. *Id.*

TO: **WARDEN/ADMINISTRATOR**
**Milwaukee County Jail, Milwaukee, Wisconsin**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Elmer Keith Taylor, #437382813, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Taylor v. Bracker,* Case No. C06-0001-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $250.00 filing fee. Based on the prisoner account information, the court has assessed an initial partial filing fee of $5.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ Dianne Eveland, Deputy Clerk
_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa